Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6377 | **DATE** | 2/13/2003 |
| **CASE TITLE** | RAOUL ANDERSON, ET AL vs. LINCOLN INSURANCE, ET AL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Status hearing stricken. Defendants motion (8-1) and (14-1) to dismiss is granted.**
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | FEB 14 2003 | |
| | Notified counsel by telephone. | | date docketed | 26 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| DW | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

RAOUL ANDERSON; SHEILA BAKER; QUINDLE BOOKER; CHARLES E. BURNSIDE; LORETTA BUTLER; DENNY CHILDREY; KENNETH DARNELL; GAYLE DAVIS; J.R. DAVIS; CLEMENT DE LOWERY; LESLIE EVANS; ALLURA GRIER; SECNETHIA HENLEY; FLORINE HOBSON; BOB KING; CARLEEN LEWIS; TOMIKA MAY; BARBARA McGEE; SHERRY LYN MOORE; DELISA MOSLEY; KENNETH D. PITTMAN; JACKLYN POLK, Executrix for the Estate of ESSIE MAE POLK; ZACHARY ROWE; JOHN SCOTT; ROBERT SIMS; HENRY SMITH; PHILIP STEELE; KENKESHA WADE; SHAHEED WANGARA; GABRIELLA WASHINGTON; and MICHAEL A. WYRWA,

Plaintiffs,

v.

LINCOLN INSURANCE AGENCY INC., LINCOLN ACCEPTANCE COMPANY, NATIONAL HERITAGE INSURANCE COMPANY, and STUART LISS,

Defendants.

No. 02 C 6377
Judge James B. Zagel

DOCKETED
FEB 1 4 2002

## MEMORANDUM OPINION AND ORDER

Defendant Stuart Liss owns four companies, three of which are defendants in this suit: Lincoln Insurance (an Illinois corporation engaged in the business of an insurance broker); Lincoln Acceptance (an Illinois corporation engaged in the business of financing insurance premiums), and National Heritage (an Illinois corporation engaged in the insurance business,

providing collision and comprehensive automobile insurance to individuals). Liss is responsible for the policies and practices of all three companies. As an insurance broker, Lincoln Insurance procures insurance and premium financing (through Premium Financing Agreements) for its customers. All the plaintiffs here obtained automobile insurance and premium financing through Lincoln Insurance. Lincoln Insurance procured premium financing for plaintiffs exclusively from Lincoln Acceptance. Some of the plaintiffs, in addition, obtained insurance from National Heritage. None of the plaintiffs, however, received a copy of their respective contracts. Plaintiffs allege that these contracts themselves and the defendants' refusal to make them available to their customers constitute various violations of disclosures required by law. In addition to this, the complaint specifically focuses on an incident involving plaintiff Florine Hobson. On June 11, 1999, Hobson's car was stolen. After an investigation following her report of the theft, National Heritage – Hobson's insurer – denied her claim. Hobson claims that her claim was wrongly denied and that the provision allowing National Heritage to deny her claim is ambiguous.

On the basis of the events alleged above, plaintiffs sued defendants claiming violations of the Illinois Consumer Fraud Act, 815 ILCS 505/2 et. seq. ("ICFA") (Counts I and VII), the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964 (Counts II and III), and the Illinois Interest Act, 815 ILCS 205/4 (Count V). Plaintiffs also claim a breach of contract (Count VI) and seek a declaratory judgment (Count IV). Defendants have moved to dismiss plaintiffs' complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. In reviewing the sufficiency of the plaintiffs' complaint, the issue is not whether the plaintiffs will ultimately prevail but whether they are entitled to offer evidence to

support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds*, *Davis v. Scherer*, 468 U.S. 183 (1984). A complaint cannot be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). I must accept all well-pleaded allegations of the complaint as true, and any ambiguities or doubts concerning the sufficiency of a claim must be resolved in favor of the pleader. *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984).

Count II

Count II asserts a RICO violation against Liss alone on behalf of all plaintiffs except Hobson. It alleges that he committed RICO violations through a mail fraud scheme under which Lincoln Insurance, which acted as each plaintiff's agent in procuring insurance, financing, bond cards, and travel club memberships, failed to disclose its affiliation with Lincoln Travel, Lincoln Acceptance, and National Heritage. To sufficiently plead an indictable act of mail fraud under 18 U.S.C. § 1341, the plaintiffs must allege that: (1) Liss participated in a scheme to defraud and (2) he mailed or knowingly caused another to mail a letter or other matter for the purpose of executing the scheme. *McDonald v. Schencker*, 18 F.3d 491, 493 (7th Cir. 1994). Although a mere failure to disclose, absent more, cannot constitute mail fraud, *Reynolds v. East Dyer Development Co.*, 882 F.2d 1249, 1252 (7th Cir. 1989), "an omission coupled with an affirmative misrepresentation or breach of a duty to disclose may be actionable as mail fraud," *Parish v. Beneficial Illinois, Inc.*, No 94 C 4156, 1995 WL 360468, at *5 (N.D. Ill. June 15, 1995). Plaintiffs allege that Liss breached such a duty based on an alleged fiduciary relationship

3

he had with plaintiffs. However, "violations of state-law fiduciary duties do not turn into mail fraud just because the mails are used in the process." *United States v. Bloom*, 149 F.3d 649, 654 (7th Cir. 1998). "Not every breach of every fiduciary duty works a criminal fraud." *United States v. George*, 477 F.2d 508, 512 (7th Cir.1973); *see also United States v. Walters*, 997 F.2d 1219 (7th Cir. 1993) (rejecting the idea that all deceits are criminal fraud). Furthermore, a plaintiff cannot satisfy the "scheme or artifice to defraud" requirement by merely alleging unethical conduct. *McDonald*, 18 F.3d at 495 n. 2. According to the Seventh Circuit, "[m]isuse of office (more broadly, misuse of position) for private gain is the line that separates run of the mill violations of state-law fiduciary duty . . . from federal crime." *Bloom*, 149 F.3d 649 at 654.

Here, even if plaintiffs pled adequate facts showing that Liss had a fiduciary duty to disclose Lincoln Insurance's affiliation with Lincoln Travel, Lincoln Acceptance, and National Heritage, his failure to disclose the information is not sufficient enough to constitute mail fraud in the absence of any allegation that Liss omitted to disclose this information for his purely private gain. Plaintiffs' allegation that Liss, as part owner of the affiliates, was familiar with them and personally responsible for their policies and practices is not sufficient to meet this requirement. Therefore, I find that plaintiffs have failed to state a claim for mail fraud and thus simultaneously cannot prove any predicate act underlying this RICO claim, thus warranting dismissal under Federal Rule of Civil Procedure 12(b)(6).

Count III

Count III asserts a RICO violation against Liss and Lincoln Acceptance, alleging that Lincoln Acceptance charged more than twice the permissible interest rate, not on the premiums

finances, but on the bond cards and travel service memberships sold by Lincoln Travel. Defendants argue that as to plaintiffs Hobson, Anderson and Wangara, this count should be dismissed because they were all part of a Class whose claims in relation to the Premium Finance Agreements were settled in a separate suit (the *Hobson* settlement) and thus cannot now assert the same claims under a RICO theory.[1] Class members who do not opt out are bound by the doctrine of *res judicata* regardless of whether a judgment is entered or a settlement is approved. *Fotona v. Elrod*, 826 F.2d 729, 731-32 (7th Cir. 1987); *Caruso v. Candie's, Inc.*, 201 F.R.D. 306, 315 (S.D.N.Y. 2001). *Res judicata* operates not only as a bar to further litigation of the matters actually decided, but also to any issues which could have been raised. *Golden v. Barenborg*, 53 F.3d 866, 869-70 (7th Cir. 1995). Once a transaction has caused injury, all claims arising from that transaction must be brought in one suit or be lost. *Andersen v. Chrysler Corp.*, 99 F.3d 846, 852 (7th Cir. 1996). Here, under the *Hobson* settlement, Hobson, Anderson and Wangara released defendants "from all claims, known or unknown, irrespective of legal theory, for violations of the TILA." This unconditional release "extinguishes the claimant's legal injury." *Sinclair Oil Corp. v. Abraham*, 291 F.3d 822, 827 (Fed. Cir. 2002). As a result of this settlement agreement, the federal claims of the Class were dismissed with prejudice and Hobson, Anderson, and Wangara – along with all other Class members – became barred from raising any claim in

---

[1] On August 27, 1999, Hobson filed a class action suit in the United States District Court for the Northern District of Illinois, entitled *Hobson, et. al v. Lincoln Insurance Agency, Inc.*, No. 99 C 5619, asserting, *inter alia*, that Lincoln Acceptance's Premium Finance Agreements violated the Truth-in-Lending Act ("TILA"). On November 13, 2001, the Court approved a Settlement Agreement on behalf of the class regarding the TILA claim and dismissed the Class federal claims with prejudice. Hobson, Anderson, and Wangara were part of the Class certified in the *Hobson* suit and did not opt out. The remaining plaintiffs elected to opt out of the Class.

connection with the Premium Finance Agreements. They are therefore precluded from now asserting that these agreements violated RICO, and as such, this count is dismissed as to them.

As for the remaining plaintiffs (those that opted out of the *Hobson* settlement), they too cannot assert that the Premium Finance Agreements violated RICO because they have been fully compensated for any alleged violation. Section 1962(c) of RICO provides for an action against those who conduct an enterprise's affairs through the "collection of unlawful debt," 18 U.S.C. § 1962(c), but § 1964(c) limits the persons who can bring a civil action to any "person injured in his property or business by a violation of section 1962," 18 U.S.C. § 1964(c). "This language requires the plaintiff to prove that the predicate acts themselves resulted in direct harm to him or her." *Martinez v. Weyerhaeuser Mortgage Co.*, No. 95 C 906, 1997 WL 361578, at *2 (N.D. Ill. June 20, 1997). None of the remaining plaintiffs can claim to be injured by collection of an unlawful debt because Lincoln Acceptance gave each of them twice the amount of finance charges on the face of their Premium Finance Agreement, regardless of whether they actually paid those finance charges, and the plaintiffs accepted the checks and cashed them. Plaintiffs cannot allege any out-of-pocket or other concrete financial loss and, thus, have no standing under RICO. *Maio v. Aetna, Inc.*, 221 F.3d 472, 483 (3rd Cir. 2001). Accordingly, this count is non-justiciable, thus warranting dismissal under Federal Rule of Civil Procedure 12(b)(1).

State Law Claims: Counts I, IV, V, VI, and VII

Counts I, IV, V, VI, and VII are all state law claims.[2] As a general rule, when all federal law claims are dismissed before trial, state law claims should generally be dismissed. *Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1252 (7th Cir. 1994). Having dismissed the two federal claims (Counts II and III under RICO), I dismiss these state law claims as well.

For the aforementioned reasons, Defendants' Rule 12(b)(1) Motion to Dismiss is GRANTED as to Counts I, III, IV, V, VI, and VII and Defendants' Rule 12(b)(6) Motion to Dismiss is GRANTED as to Count II.

ENTER:

James B. Zagel
United States District Judge

DATE: 13 Jul 2003

---

[2] Count I is an individual action brought under ICFA; Count V asserts an Illinois Interest Act violation; and Counts IV, VI, and VII are various state law claims brought against National Heritage addressing the theft loss exclusions under its policy of insurance.

7